# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

CLEAN AIR AND WATER
SYSTEMS, LLC, (A
Wisconsin Limited
Liability Company),

        Plaintiff,

    vs.                   **Case No. 10-2442-RDR**

LARKIN EXCAVATING, INC.,
(A Kansas Corporation) and
THE HANOVER INSURANCE
COMPANY, (a New Hampshire
Corporation),

        Defendants.

_____

## <u>MEMORANDUM AND ORDER</u>

In this case, plaintiff alleges that it had a subcontract to supply materials and labor to defendant Larkin Excavating, Inc. The materials and labor were used for a landfill expansion project defendant Larkin was doing pursuant to a contract with the City of Salina, Kansas. Plaintiff alleges that defendant Larkin has failed to pay plaintiff in full for the materials and labor. According to the complaint, defendant Hanover Insurance Company provided the payment bond for the project.

This case is before the court upon defendant Larkin's motion to compel arbitration, and defendant Larkin and Hanover's motion to stay this litigation pending arbitration. Doc. No. 8.

The contract between defendant Larkin and the City of Salina states that: "All disputes arising under this Contract shall be

resolved through arbitration." The procedures for initiating and conducting arbitration are also set forth in the contract. The contract's arbitration provisions are required to be included in defendant Larkin's agreements with subcontractors according to the following language in the contract:

> The complete text [of the arbitration provisions] shall be included by Contractor [defendant Larkin] in all of its contracts with Subcontractors performing any Work under this Contract. It is intended and understood that Contractor shall contractually bind all of its Subcontractors to resolve through arbitration any and all disputes arising under any subcontract for Work under this Contract.

However, the subcontract in this case does not explicitly contain the arbitration language from the contract.

The subcontract between defendant Larkin and plaintiff contains the following provision incorporating the terms of the contract governing defendant Larkin and the City of Salina into the subcontract between defendant Larkin and plaintiff:

> To the extent of work to be performed by the Subcontractor [plaintiff], Subcontractor [plaintiff] agrees to be bound by the Contractor [defendant Larkin] by the terms of the Contract Agreement between the Owner [City of Salina] and Contractor [defendant Larkin], the receipt of which is hereby acknowledged. The Contractor [defendant Larkin] shall assume toward the Subcontractor [plaintiff] all obligations and responsibilities that the Owner [City of Salina], under such documents, assumes toward the Contractor [defendant Larkin], and the Subcontractor [plaintiff] shall assume toward the Contractor [defendant Larkin] all obligations and responsibilities which the contractor [defendant Larkin], under such documents, assumes toward the Owner [City of Salina] and the Project Engineer. The Contractor [defendant Larkin] shall have the benefit of all rights, remedies and redress against the Subcontractor

2

> [plaintiff] which the Owner [City of Salina], under such
> documents, has against the Contractor [defendant Larkin],
> and the Subcontractor [plaintiff] shall have the benefits
> of all rights, remedies and redress against the
> Contractor [defendant Larkin] which the Contractor
> [defendant Larkin], under such documents, has against the
> Owner [City of Salina], insofar as applicable to this
> Subcontract.

Defendant Larkin contends these provisions incorporate the arbitration language of the contract into the subcontract between plaintiff and defendant Larkin, and that this "agreement" to arbitrate should be enforced pursuant to 9 U.S.C. §§ 1-16 and federal policy in favor of arbitration.

Plaintiff opposes defendants' motion on several grounds. First, plaintiff contends that there is no arbitration agreement between plaintiff and defendant Larkin. The court disagrees. Although the arbitration language in the contract was not explicitly placed in the subcontract, the court believes that provisions of the subcontract which grant defendant Larkin and plaintiff the same obligations, responsibilities, rights, remedies and redress as Larkin and the City of Salina have under the contract serves to incorporate the contract's arbitration provisions into the subcontract by reference. See Commercial Union Ins. Co. v. Gilbane Bldg. Co., 992 F.2d 386, 388-89 (1st Cir. 1993) (incorporating arbitration agreement via similar language); Exchange Mut. Ins. Co. v. Haskell Co., 742 F.2d 274, 275-76 (6th Cir. 1984) (same); J. S. & H. Construction Co. v. Richmond County Hospital Authority, 473 F.2d 212, 216 (5th Cir. 1973) (same); Pay

Phone Concepts v. MCI Telecommunications, 904 F.Supp. 1202, 1209 (D.Kan. 1995) (arbitration agreements can be incorporated by reference).

Plaintiff also argues that the arbitration provision in the contract between defendant Larkin and the City of Salina should be construed narrowly. According to plaintiff, the phrase "[a]ll disputes arising under this Contract" creates a narrow arbitration clause requiring arbitration only of matters within the clear scope of the arbitration clause. Plaintiff cites Wilson v. Olathe Bank, 1998 WL 596739 (D.Kan. 7/31/98) and Cummings v. FedEx Ground Package System, Inc., 404 F.3d 1258 (10th Cir. 2005) in support of its argument.

The court disagrees. In the Wilson case, the "arising under" language was limited to disputes under a purchase order agreement, as opposed to an application agreement which the parties had also entered, and therefore was determined not to apply to extracontractual claims relating to the parties' business together. In the Cummings case, the arbitration clause was limited to disputes regarding wrongful termination of an operating agreement, but not other types of disputes.

We believe the language "all disputes arising under" creates a broad arbitration clause. JLM Industries, Inc. v. Stolt-Nielsen SA, 387 F.3d 163, 172 (2nd Cir. 2004) (any dispute "arising out of" agreement is a broad arbitration clause); Louis Dreyfus Negoce S.A.

4

v. Blystad Shipping & Trading Inc., 252 F.3d 218, 225-26 (2nd Cir. 2001) (any dispute "arising from the making, performance or termination" of agreement is a broad clause); Genesco, Inc. v. T. Kakiuchi & Co., 815 F.2d 840, 854 (2nd Cir. 1987) ("all claims . . . of whatever nature arising under" contract is a broad arbitration clause); Battaglia v. McKendry, 233 F.3d 720, 727 (3rd Cir. 2000) ("arising under" is normally given a broad construction in arbitration provisions); Gregory v. Electro-Mech. Corp., 83 F.3d 382, 385-86 (11th Cir. 1996) ("any dispute . . . which may arise hereunder" is a broad clause - - rejecting a distinction between "arising under" and "arising out of"); Simply Fit of North America, Inc. v. Poyner, 579 F.Supp.2d 371, 378-79 (E.D.N.Y. 2008) (all claims "arising under" agreement is a broad clause); Housh v. Dinovo Investments, Inc., 2003 WL 1119526 *3 (D.Kan. 3/7/03) (clause covering all controversies "arising out of" agreement is "broad" and akin to clauses covering all disputes "arising under" or "relating to" agreement); see also Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 398 (1967) ("arising out of or relating to" is a broad arbitration clause; American Recovery Corp. v. Computerized Thermal Imaging, Inc., 96 F.3d 88, 93 (4th Cir. 1996) (same); but see Mediterranean Enterprises v. Ssangyong, 708 F.2d 1458, 1464 (9th Cir. 1983) ("arising hereunder" language creates a relatively narrow arbitration clause); Entech Systems, Inc. v. Bhaskar, 1998 WL 164632 *5 (D.Kan. 3/18/1998) ("arising

under" language is more confining and together with language prohibiting an arbitration award of punitive damages reveals an intent to arbitrate only claims for breach of contract).

Plaintiff further argues that because the "contract" referred to in the contract's arbitration clause was the agreement between defendant Larkin and the City of Salina, the arbitration language incorporated in the subcontract is limited to disputes relating to the interpretation and/or performance of the contract between defendant Larkin and the City of Salina, not disputes relating to the subcontract between defendant Larkin and plaintiff. The court disagrees again. The incorporation language provides that: the subcontractor agrees "to be bound to the Contractor by the terms of the Contract Agreement between the Owner and Contractor;" and that the subcontractor agrees to "assume toward the Contractor all obligations and responsibilities which the Contractor . . . assumes toward the Owner . . .;" and that "the Contractor shall have the benefits of all rights, remedies and redress against the Subcontractor which the Owner . . . has against the Contractor." This language is sufficient in the court's opinion to demonstrate that vis-a-vis the subcontract, plaintiff assumed the same obligation to arbitrate toward defendant Larkin which the defendant Larkin and the City of Salina assumed toward each other regarding all disputes arising under the contract. A contract's language must be interpreted in accordance with its intended purpose. It

appears clear to the court that the parties intended the arbitration provisions of the contract to apply to disputes between defendant Larkin and plaintiff over the subcontract in the same way that the provisions apply to disputes between the City of Salina and defendant Larkin under the contract. To interpret the language otherwise is contrary to the general rules of contract interpretation and the federal policy in favor of arbitration. See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985) (rules of contract construction are applied to determine whether a dispute is arbitrable); Moses H. Cone Mem. Hosp. v. Mercury Const., 460 U.S. 1, 24-25 (1983) (under federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration); Cummings, 404 F.3d at 1261 (quoting Louis Dreyfus Negoce, 252 F.3d at 224) (where an arbitration clause is broad there is a presumption of arbitrability and arbitration of even a collateral matter will be ordered if the claim alleged implicates issues of contract construction or the parties' rights and obligations under it).

In sum, the court finds that there was an agreement to arbitrate the disputes raised by plaintiff in this litigation.

Plaintiff concludes its response to the motion to compel arbitration by asking that, if the court finds the dispute between plaintiff and defendant Larkin to be arbitrable, the court should also order defendant Hanover to arbitrate its dispute with

plaintiff.  Defendant Hanover has not replied in opposition to plaintiff's request.  The request appears to be a proper one.  See <u>Gilbane Bldg Co.</u>, 992 F.2d at 388-89; <u>United States Fidelity & Guaranty Co. v. West Point Constr. Co.</u>, 837 F.2d 1507, 1508 (11th Cir. 1988); <u>Haskell Co.</u>, 742 F.2d at 275.

In conclusion, for the above-stated reasons, the court shall grant defendant Larkin's motion to compel arbitration and defendants' Larkin and Hanover's motion to stay proceedings.  The court shall further direct defendant Hanover to arbitrate its dispute with plaintiff.

**IT IS SO ORDERED.**

Dated this 16th day of November, 2010 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge